Defendant moves for reconsideration on the following two points:
1. Defendant submits documentation in the form of a coverage page which shows defendant to have maintained approved workers' compensation coverage from the period of time from July 14, 1995 through January 3, 1996, and continuing until the current expiration time of December 31, 1996. It is noted that plaintiff's date of injury was on February 1, 1994. It is further noted that defendant has just presented this documentation, post-appeal hearing, for consideration. In the interest of obtaining a complete record without further remand, the documents provided will be considered at this time.
Obviously, coverage obtained after plaintiff's injury date will not affect defendant's non-insured status as it relates to plaintiff's claim. The critical date for coverage would be the date of plaintiff's injury, on February 1, 1994.
2. Defendant further contends that as it employed less than 50 employees, the maximum penalty allowed under G.S. 97-94 would be $50.00 per day for the period of non compliance. Defendant has raised valid concern on this statutory interpretation.
Accordingly, Award Paragraph 4 is HEREBY MODIFIED to read as follows:
4. The defendant Finishes First is HEREBY ASSESSED a penalty of $50.00 per day for each day of its refusal or neglect to secure the payment of workers' compensation benefits to the plaintiff commencing February 1, 1994 and continuing up until July 14, 1995. According to the contentions of the defendant, it is not subject to the provisions of the North Carolina Workers' Compensation Act and not obligated to provide workers' compensation benefits because it is participating in an ERISA plan. However, as a part of the ERISA plan in which the defendant alleges it is participating, there is a provision for payment of disability benefits to injured workers. It is inconsistent to argue that it is not obligated to provide workers' compensation benefits to employees, but then at the same time participate in the plan which is designed to provide those benefits. In addition, the defendant had knowledge that their attempts to be self-insured in North Carolina were not approved and that they were operating in violation of North Carolina law, yet they chose to do so anyway. The penalty herein levied against the defendant is a substantial penalty, but even though the defendant is paying money into some type of employee benefit trust, there is no legal assurance that these benefits would ever be paid to an injured worker, and thus the defendant neither complied with North Carolina law nor gave satisfactory assurance to the undersigned that it is even complying with the spirit of the North Carolina law with respect to securing benefits for injured workers until after the appeal decision had been filed. Further, defense counsel was advised during the pendency of this matter for decision that the Deputy Commissioner originally hearing the case was of the opinion that the defendant was in violation of this statute and should make arrangements with the North Carolina Industrial Commission to secure workers' compensation liability coverage.
The defendant did not take such actions until over a month after the Deputy Commissioner's decision had been filed, and thus the undersigned impose a $50.00 per day penalty. This is the maximum amount allowable under the circumstances, assessed because of the defendant's knowledge of the situation and its obstinate refusal in taking corrective action for as long as possible.
Defendant shall bear the costs
This the __________ day of ________________________, 1996.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________ J. RANDOLPH WARD COMMISSIONER
JHB/nwm 04/18/96